IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

FANKHANEL FARMS LIMITED
PARTNERSHIP                                                    PLAINTIFF

v.                         No. 1:13-cv-57-DPM

HOLDEN-CONNER REALTY CO.;
LAWHON SEED LLC                                              DEFENDANTS

ORDER

The parties dispute the amount in controversy for purposes of this Court's subject matter jurisdiction under the diversity statute. 28 U.S.C. § 1332(a)(1). Fankhanel and Holden-Conner own an approximately 471-acre farm in Jackson County, Arkansas. They're tenants in common, each holding an undivided one-half interest in the surface rights of the whole. The parties agree that their farm is probably worth about $1.4 million today, approximately $3,000.00 an acre. Fankhanel and a non-party own the mineral rights; but title to the surface and the minerals having been severed, and there being no dispute about the mineral estate, the other mineral owner's absence from this case makes no difference. *Schnitt v. McKellar*, 244 Ark. 377, 386-87, 427 S.W.2d 202, 208 (1968). Fankhanel and Holden-Conner have fallen out over a tenant. Fankhanel has sued, seeking a partition in kind. Lawhon Seed

is in the case because it holds a mortgage on Holden-Conner's interest in the farm.

The parties' diversity is not contested. Fankhanel is a Connecticut limited partnership whose principal place of business is in that State and whose partners are not Arkansawyers. Holden-Conner is an Arkansas corporation with its principal place of business in Jackson County. Lawhon is an Arkansas LLC based in Pulaski County.

This Court has jurisdiction if "the matter in controversy exceeds the sum or value of $75,000[.00], exclusive of interest and costs[.]" 28 U.S.C. § 1332(a). No sum is in dispute—Fankhanel does "not ask for a money judgment for a sum certain or for consequential damages." *Usery v. Anadarko Petroleum Corp.*, 606 F.3d 1017, 1018 (8th Cir. 2010). "This kind of case therefore engages the part of the relevant statute that provides for federal jurisdiction when the matter in controversy exceeds the *value* of $75,000[.00]." *Ibid.* (emphasis in original, quotation omitted). "The question is the actual value of the object of the suit." 606 F.3d at 1019. This is a question of federal law, "although the federal courts must, of course, look to state law to determine the nature and extent of the right to be enforced in a diversity case." *Horton v. Liberty Mutual*

*Insurance Co.*, 367 U.S. 348, 352-53 (1961). To sustain this Court's jurisdiction, Fankhanel must show, by a preponderance of the evidence, that a declaration dividing the farm in kind — the sole object of this lawsuit — is worth more than the $75,000.00 statutory threshold. *Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002); *Usery*, 606 F.3d at 1018-19; *see generally* WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 3708 (4th ed. 2013).

Fankhanel has not shown a sufficient amount in controversy. Start with Arkansas law. Each co-tenant has an absolute statutory right to partition. ARK. CODE ANN. § 18-60-401. This right is part of owning this interest in real property; it is a constituent of title. Whether partition occurs by decree or deed, it is a zero-sum transaction for Fankhanel and Holden-Conner. "It is generally held that a partition of land creates no new title to the shares set off to the parties to be held in severalty, whether the partition be made by act of the parties or by a judgment or decree of the court. While its effect is to allocate the share of each in his allotted parcel of land, and extinguish his interest in all of the others, the title by which he holds his divided share is the same as that by which his undivided interest in the estate in common was held." *Wofford v. Jackson*, 194 Ark. 1049, 1056-57, 111 S.W.2d 542, 545-46

(1937). Partition will sever Fankhanel's and Holden-Conner's unity of possession, not create or convey title. *Johnson v. Ford*, 233 Ark. 504, 505-06, 345 S.W.2d 605, 605 (1961); *see generally* SUPPLEMENT TO JONES' ARKANSAS TITLES § 1364 (D.R. Varn ed. 1960).

Back to federal law. What is the actual value to Fankhanel of severing the unity of possession in the whole farm? This is a hard question, perhaps one with no answer. No market exists for the right of partition. *Compare Usery*, 606 F.3d at 1019 (market value of disputed mineral interest). Fankhanel argues hard that half the farm's value is the right number. This view is mistaken. The parties' ownership is undisputed. Fankhanel's entitlement to half a farm worth more than a million dollars is not in controversy. This fact distinguishes this case from Fankhanel's authorities (and others) where the Court had to quiet disputed title, or resolve some dispute about the extent of ownership, as well as partition the property. *E.g., Green v. Fisk*, 103 U.S. 518, 519-20 (1880); *Whiteside v. Haselton*, 110 U.S. 296, 298 (1884); *Pinel v. Pinel*, 240 U.S. 594, 595-96 (1916); *Melnick v. Press*, 809 F. Supp. 2d 43, 57-71 (E.D.N.Y. 2011); *Estate of Church v. Tubbs*, 2006 WL 568335, at *1 (E.D. Mich. 2006). There are cases in the books where it is unclear whether title was disputed or not.

-4-

*E.g., McCarthy v. Provost*, 103 U.S. 673 (1880). No rule emerges from the silence in those decisions. Fankhanel does not argue, and has not proved, that any difference in value exists between its one-half interest in the whole farm and a whole interest in half of it. *Rapoport v. Rapoport*, 416 F.2d 41, 44 (9th Cir. 1969). Insofar as the record discloses, no difference in value exists.

A forced sale is a possibility. "[I]f it shall appear that partition cannot be made without great prejudice to the owners[,]" the farm will be sold. ARK. CODE ANN. § 18-60-401. This possibility does not change the jurisdictional analysis in this case. Fankhanel does not seek a sale. Fankhanel seeks only a division in kind. № *1 at 4*. It pleads that the farm can be divided in kind. № *1 at 3*. Holden-Conner does not dispute this allegation in moving to dismiss for lack of jurisdiction. No evidence of impracticability of division has been offered. Fankhanel thus has not demonstrated jurisdiction on this theory of how the case might spin out. *Compare Brewer v. Middleton*, 1994 U.S. Dist. LEXIS 1862 (W.D. Mich. 1994) (co-owners pursuing partition only by sale), *aff'd*, 64 F.3d 662 (6th Cir. 1995) (unpublished disposition).

\* \* \*

Fankhanel's complaint for partition does not put more than $75,000.00 in controversy. Holden-Conner's motion to dismiss for want of jurisdiction, № 4, is granted. The Court will dismiss the complaint without prejudice. The parties must proceed in state court.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

31 October 2013